```
ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV
```

| | | |
|---|---|---|
| LUGO BUS LINES, INC.<br><br>    Apelado<br><br>    v.<br><br>DEPARTAMENTO DE EDUCACIÓN DE PUERTO RICO<br><br>    Apelante | **TA2025AP00398** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Mayagüez<br><br>Civil Núm. MZ2025CV01026<br><br>Sobre:<br>Ley de Transparencia y Procedimiento Expedito para Acceso a la Información Pública (Ley Núm. 141-2019) |

Panel integrado por su presidenta la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

### <u>SENTENCIA</u>

En San Juan, Puerto Rico, a 20 de noviembre de 2025.

Comparece ante este foro el Departamento de Educación de Puerto Rico (Departamento o "parte apelante") representado por la Oficina del Procurador General de Puerto Rico y nos solicita que revisemos una *Resolución y Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez, notificada el 12 de septiembre de 2025. Mediante el referido dictamen, el foro primario ordenó al Departamento a que entregara o proveyera acceso a la información pública solicitada por Lugo Bus Lines, Inc. (Lugo Bus o "parte apelada").

Por los fundamentos que expondremos a continuación, **CONFIRMAMOS** la determinación apelada.

### I.

El 19 de junio de 2025, Lugo Bus presentó un *Recurso Especial de Revisión Judicial para el Acceso a la Información Pública al amparo de la Ley 141-2019, según*

*enmendada.*[1] La parte apelada alegó que, luego de solicitar en varias ocasiones información relacionada a cualquier investigación que había sido llevada a cabo con respecto al Programa de Refuerzo Académico Extendido (RAE), o cualquier otra deuda con los transportistas en la Región Educativa de Mayagüez; el Departamento no la entregó.

El 8 de julio de 2025, la parte apelante presentó una *Moción de Desestimación.*[2] En esencia, esbozó que: (1) no surgía de la petición de información que la misma había sido realizada por Lugo Bus; (2) la solicitud no había sido canalizada a través de los Oficiales de Información, identificados en el portal electrónico del Departamento de Educación; y (3) el recurso judicial había sido presentado fuera del término de treinta (30) días dispuesto por la Ley Núm. 141-2019. Por lo que, el foro *a quo* carecía de jurisdicción sobre la materia.

El 10 de julio de 2025, la parte apelada presentó su *Oposición a Moción de Desestimación.*[3] Mediante esta, alegó que cursó al propio Secretario del Departamento una comunicación solicitando la información. A su vez, planteó que la Ley Núm. 141-2019, no limitaba a solicitar la información a otros empleados de la dependencia del Estado, incluyendo al propio Secretario. De igual forma, señaló que el Director Legal del Departamento respondió a la solicitud, demostrando que esta había sido recibida y canalizada por el Secretario. Por consiguiente, era improcedente la alegación de que no

---

[1] *Recurso Especial de Revisión Judicial para el Acceso a la Información Pública al amparo de la Ley 141-2019, según enmendada*, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] *Moción de Desestimación*, entrada núm. 3 en SUMAC.
[3] *Oposicion a Moción de Desestimación*, entrada núm. 4 en SUMAC.

presentaron la solicitud ante un Oficial de Información. Asimismo, reafirmó que denegar el acceso a la información por los fundamentos expuestos en la moción de desestimación, eran arbitrarios y caprichosos. Finalmente, indicó que el término de 30 días dispuesto en la Ley Núm. 141-2019, es uno de cumplimiento estricto. Resaltó que, su representante legal estuvo en constante comunicación con la División Legal del Departamento. Por lo que, debido a las circunstancias particulares que motivaron la demora, solicitó una excepción al término dispuesto en ley.

Evaluadas las mociones, el 12 de septiembre de 2025, el foro primario notificó una *Resolución y Orden*, en la cual determinó que Lugo Bus actuó en todo momento de buena fe y diligente, teniendo una expectativa razonable de que no iba a ser necesario acudir al foro judicial para obtener la información pública requerida.[4] Por lo que, concluyó que no hubo negligencia por parte de Lugo Bus, y se debía priorizar el derecho de acceso a la información y la equidad procesal. Así las cosas, ordenó al Departamento a que entregara, o proveyera acceso, a la información pública solicitada por la parte apelada.

En desacuerdo, el 22 de septiembre de 2025, el Departamento presentó una *Moción de Reconsideración*.[5] No obstante, el 23 de septiembre de 2025, el foro primario mediante *Resolución Interlocutoria*, la declaró *No Ha Lugar*.[6]

El 26 de septiembre de 2025, el Departamento presentó una *Moción Informativa y en Cumplimiento de*

---

[4] *Resolución y Orden*, entrada núm. 6 en SUMAC.
[5] *Moción de Reconsideración*, entrada núm. 7 en SUMAC.
[6] *Resolución Interlocutoria*, entrada núm. 8 en SUMAC.

*Orden*.[7] En esta, informó que completaron la entrega de la información pública disponible -no confidencial ni privilegiada-. Así pues, solicitó al foro apelado tomara conocimiento, y diera por cumplida su orden.

Inconforme con la *Resolución Interlocutoria*, el 2 de octubre de 2025, el Departamento presentó el recurso de epígrafe y planteó los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia al no declararse sin jurisdicción ante la presentación tardía del recurso especial de revisión judicial y en ausencia de una demostración de justa causa.

> En la alternativa, erró el Tribunal de Primera Instancia al no dar por cumplida su Resolución y Orden, mediante la cual ordenó la entrega de cierta información pública solicitada por la parte apelada, tras la entrega de dicha documentación.

El 6 de octubre de 2025, emitimos una *Resolución* mediante la cual le concedimos a la parte apelada el término dispuesto en el Reglamento de nuestro Tribunal, según enmendado, para que presentara su alegato en oposición.

El 27 de octubre de 2025, la parte apelada presentó su *Alegato de la Parte Apelada, Lugo Bus Line, Inc.*

Con el beneficio de los escritos de ambas partes, procedemos a resolver.

**II.**

**-A-**

El Artículo 409 del Código de Enjuiciamiento Civil establece, en esencia, que "[t]odo ciudadano tiene derecho a inspeccionar y sacar copia de cualquier documento público de Puerto Rico, salvo lo expresamente

---

[7] *Moción Informativa y en Cumplimiento de Orden*, entrada núm. 9 en SUMAC.

dispuesto en contrario por la ley." 32 LPRA sec. 1781. Según ha reconocido el Tribunal Supremo de Puerto Rico, el derecho de acceso a la información pública es un corolario necesario de los derechos fundamentales de libertad de expresión, prensa y asociación establecidos en la Sección 4 del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico y la Primera Enmienda de la Constitución Federal, LPRA Tomo 1. *Nieves v. Junta,* 160 DPR 97, 102 (2003).

El derecho a la información antes mencionado depende de que la información solicitada sea propiamente pública. Por ello, el Artículo 3(b) de la ley núm. 5-1955, conocida como la *Ley de Administración de Documentos Públicos de Puerto Rico*, según enmendada, 3 LPRA sec. 1001, define "documento público" como

> [t]odo documento que se origine, conserve o reciba en cualquier dependencia del Estado Libre Asociado de Puerto Rico de acuerdo con la ley o en relación con el manejo de los asuntos públicos y que de conformidad con lo dispuesto en el Artículo 4 de esta ley (3 L.P.R.A. § 1002) se haga conservar que se requiera conservar permanentemente o temporalmente como prueba de las transacciones o por su valor legal. Incluye aquellos producidos de forma electrónica que cumplan con los requisitos establecidos por las leyes y reglamentos." 3 LPRA sec. 1001 (b).

Una vez un documento se ubica dentro de una de las categorías mencionadas, se convierte en un documento público y puede solicitarse su inspección. *Nieves v. Junta*, supra, págs. 102-103; *Ortiz v. Dir. Adm. de los Tribunales,* 152 DPR 161, 176 (2000).

No obstante, el derecho de acceso a la información pública no es absoluto. *Colón Cabrera v. Caribbean Petroleum*, 160 DPR 582, 591 (2007); *Nieves v. Junta,* supra, pág. 103. Claro está, el Estado no puede negarse

caprichosamente y de forma arbitraria a permitir el acceso a los documentos públicos. *Colón Cabrera v. Caribbean Petroleum,* supra, pág. 590. Sin embargo, nuestro Tribunal Supremo en el caso de *Bhatia Gautier v. Gobernador*, 199 DPR 59, 83 (2017), citando a *Colón Cabrera v. Caribbean Petroleum*, supra, pág. 591, determinó que el reclamo de confidencialidad por parte del Estado puede prosperar sólo cuando:

> (1) una ley así lo declara; (2) cuando la comunicación está protegida por algún privilegio evidenciario que puedan invocar los ciudadanos, *Sierra v. Tribunal Superior*, 81 DPR 554 (1959); (3) si revelar la información puede lesionar los derechos fundamentales de terceros, *ELA v. PR Tel. Co.*, 114 DPR 394 (1983); (4) si se trata de un confidente, según la Regla 515 de Evidencia de 2009, y (5) si es información confidencial, según la Regla 514 de Evidencia de 2009.

A su vez, el peso probatorio corresponde al Estado, si es que pretende justificar cualquier reclamo de confidencialidad que impida la publicidad de información gubernamental. *ELA. v. Casta Developers*, 162 DPR 1, 11 (2004). En atención a lo anterior, el Tribunal Supremo de Puerto Rico expresó lo siguiente:

> [T]oda ley que pretenda ocultarle información a un ciudadano bajo el palio de la confidencialidad tiene que justificarse a plenitud. Como regla general, eso se satisface si: (a) la regulación gubernamental cae dentro del poder constitucional del Gobierno; (b) propulsa un interés gubernamental importante o sustancial; (c) el interés gubernamental no está relacionado con la supresión de la libertad de expresión, y (d) la restricción concomitante del derecho a la libre expresión no es mayor que la esencial para propulsar ese interés. *Nieves v. Junta,* supra, págs. 103-104; *Angueira v. JLBP*, 150 DPR 10, 24-25 (2000).

**-B-**

La Asamblea Legislativa aprobó la Ley Núm. 141-2019, según enmendada, conocida como la *Ley de*

*Transparencia y Procedimiento Expedito para el Acceso a la Información Pública*, 3 LPRA sec. 9911 (Ley Núm. 141-2019), con el fin de promover el acceso de información pública a través de mecanismos procesales sencillos, ágiles y económicos que propicien la transparencia en los asuntos gubernamentales. Véase, Exposición de Motivos de la Ley Núm. 141-2019, *supra*. A su vez, dicho estatuto fomenta una interpretación de sus disposiciones "en la forma más liberal y beneficiosa para la persona solicitante de la información pública". Art. 12 de la Ley Núm. 141-2019, 3 LPRA sec. 9922.

En el Artículo 3 de la precitada Ley, 3 LPRA sec. 9913, recoge todo lo relacionado a la política pública del Estado en cuanto al acceso a la información pública, la cual establece lo siguiente:

(1) La información y documentación que produce el Gobierno se presume pública y accesible a todas las personas por igual.

(2) La información y documentación que produce el Gobierno en sus estudios, transacciones y en el ejercicio de la autoridad pública, de manera directa o delegada, son patrimonio y memoria del pueblo de Puerto Rico.

(3) El derecho constitucional de acceso a la información requiere la transparencia gubernamental.

(4) Toda información o documento que se origine, conserve o reciba en cualquier dependencia del Gobierno, aunque se encuentre bajo la custodia de un tercero, se presume público y debe estar accesible al Pueblo y la prensa.

(5) El derecho de acceso a la información pública es un pilar constitucional y un derecho humano fundamental.

(6) El acceso a la documentación e información pública tiene que ser ágil, económico y expedito.

(7) Toda persona tiene derecho a obtener la información y documentación pública, sujeto a las normas y excepciones aplicables.

(8) El Gobierno de Puerto Rico establece en la presente Ley una política de apertura a la información y documentación, que incluya la disponibilidad de la tecnología y de los avances necesarios para hacer valer el derecho de los solicitantes a acceder a la información y documentación pública de forma oportuna, objetiva, veraz, completa, reutilizable, procesable y disponible en formatos accesibles, inalterados e íntegros.

A esos efectos, el Artículo 6 de la Ley Núm. 141-2019, *supra*, permite que cualquier persona solicite la información pública mediante el siguiente procedimiento:

Cualquier persona podrá solicitar información pública mediante solicitud escrita o por vía electrónica, sin necesidad de acreditar algún interés particular o jurídico. El Oficial de Información tendrá la responsabilidad de notificar, por email, fax o correo regular, a todo peticionario de información o documentación pública que su solicitud fue recibida y el número de identificación de la misma.

La solicitud de información deberá incluir al menos una dirección o correo electrónico para recibir notificaciones, el formato en que desea recibir la información y una descripción de la información que solicita. 3 LPRA sec. 9916.

En el pertinente, el Artículo 5 de la precitada Ley, dispone lo siguiente:

Cada una de las agencias o entidades gubernamentales que componen el Gobierno de Puerto Rico deberá, salvo justa causa, identificar al menos tres (3) servidores públicos entre los empleados existentes, de los cuales dos (2) serán de carrera. Los empleados identificados serán los designados y certificados como Oficiales de Información en cada una de las entidades gubernamentales. Cuando la estructura organizativa, complejidad funcional o tamaño de la entidad requiera un número mayor o menor de Oficiales de Información, se deberá justificar por escrito y notificar a la Oficina del Secretario de Asuntos Públicos de la Oficina del Gobernador u oficina análoga, quien determinará si procede o no la solicitud. En cuanto a la Rama Legislativa y la Rama Judicial las mismas deberán asignar el personal que entiendan pertinente como Oficiales de Información y establecer el

proceso interno que entiendan pertinente para evaluar la cantidad de Oficiales a designarse.

Los Oficiales de Información deberán ser adiestrados sobre el contenido de esta Ley, la reglamentación, los procedimientos aplicables y sus obligaciones jurídicas como responsables del cumplimiento de esta Ley. A su vez, deberán recibir adiestramientos sobre la jurisprudencia establecida por el Tribunal Supremo en materia de acceso a la información pública. Compartirán la responsabilidad de velar por el cumplimiento de esta Ley con el funcionario a cargo de la entidad gubernamental.

Los Oficiales de Información tendrán la obligación de recibir las solicitudes de información, tramitar las mismas y facilitar el acceso a los documentos en el formato solicitado, dentro de los términos establecidos en esta Ley. Los Oficiales de Información registrarán las solicitudes de información en el orden en el que son recibidas y serán numeradas, siendo este número el elemento de referencia en cualquier trámite o proceso de revisión de la solicitud. De igual forma, los Oficiales deberán proveer la ayuda necesaria a cualquier ciudadano que desee realizar una solicitud de información.

Los Oficiales de Información serán además el contacto central en la entidad gubernamental para la recepción de solicitudes de información y para la asistencia a los individuos que solicitan información. Lo anterior no limitará de forma alguna la opción de los ciudadanos y de la prensa para solicitar información a otros funcionarios de la dependencia, incluyendo al Oficial de Prensa de la entidad gubernamental. Los nombres e información de contacto de los Oficiales de Información estarán disponibles en las páginas cibernéticas oficiales de cada una de las entidades gubernamentales correspondientes, de la Oficina de Gerencia y Presupuesto (OGP) y de La Fortaleza, de igual forma deberán estar disponibles en documento impreso en los centros de servicios integrados distribuidos en Puerto Rico. […]. 3 LPRA sec.9915.

De otra parte, el Artículo 7 de la Ley Núm. 141-2019, *supra*, establece que los Oficiales de Información de una entidad gubernamental deberán producir cualquier información pública para su inspección, reproducción o

ambos, a petición de cualquier solicitante, en un término no mayor de diez (10) días laborables. 3 LPRA sec. 9917. Asimismo, establece que "[t]oda decisión de denegar la divulgación de información pública tiene que especificar por escrito los fundamentos jurídicos en los que se basa la denegatoria o negativa de entregarla en el término establecido". *Íd.*

Ahora bien, en aquellos casos en que una entidad gubernamental deniegue el acceso a la información, la persona puede instar un *Recurso Especial* de revisión judicial ante el Tribunal de Primera Instancia a tenor con la facultad establecida en el Artículo 9 de la Núm. 141-2019, *supra*:

> Cualquier persona a la cual una entidad gubernamental le haya notificado su determinación de no entregar la información solicitada o que no haya hecho entrega de la información dentro del término establecido o su prórroga, tendrá derecho a presentar, por derecho propio o a través de su representación legal, ante la sala del Tribunal de Primera Instancia de la Región Judicial donde reside, un Recurso Especial de Acceso a Información Pública. […]. 3 LPRA sec. 9919.

De este modo, se garantiza el flujo de información pública que genera discusiones informadas y se fortalece la facultad de la ciudadanía de participar efectiva e inteligentemente en los asuntos gubernamentales. *Engineering Services v. AEE*, supra, pág. 146.

El referido Artículo 9 de la precitada Ley, dispone además:

> […]

> Para la radicación del recurso, la Rama Judicial deberá crear y tener disponible al público un formato simple para cumplimentar. La radicación del recurso no conllevará la cancelación de sellos ni aranceles.

> […]

El recurso en cuestión deberá presentarse dentro del término de cumplimiento estricto de treinta (30) días, contados a partir de la fecha en que la entidad gubernamental haya notificado su determinación de no entregar la información solicitada o de la fecha en que venció el término disponible para ello si no hubo contestación.

La entidad gubernamental notificada con un recurso bajo esta Ley vendrá obligada a comparecer por medio de su escrito, en un término de diez (10) días laborables, salvo justa causa en cuyo caso no podrá ser un término menor a cinco (5) días laborables, contados a partir de la fecha de la notificación emitida a tales efectos por el Secretario del Tribunal de Primera Instancia.

[…]

El Tribunal deberá resolver por escrito la controversia, mediante resolución fundamentada en derecho declarando con o sin lugar la solicitud de producción de información pública en un término de diez (10) días contados desde que la entidad gubernamental emitió su contestación al tribunal o desde que se celebró la vista, de haberse celebrado la misma. 3 LPRA 9919.

Los términos dispuestos en el Artículo 9, *supra*, son breves debido a que la ley tiene como fin la entrega de la información pública en el menor tiempo posible y de inmediato si existe. A tenor con ello, denegar este derecho amerita una determinación fundamentada así como un proceso expedito y gratuito ante un tribunal para cuestionar la actuación gubernamental. Los tribunales también deben resolver estas controversias de forma expedita. Véase, *Exposición de Motivos* de la Ley Núm. 141-2019, *supra*.

## III.

En el caso de autos, el Departamento de Educación nos solicita que revisemos la *Resolución y Orden* emitida por el foro primario el 12 de septiembre de 2025. En su primer señalamiento de error, alega que incidió el foro apelado al no declararse sin jurisdicción ante la

presentación tardía del *Recurso Especial*. Señala que, la parte apelada tenía treinta (30) días para instar el Recurso Especial de Revisión Judicial, y transcurrieron más de cien (100) días. Aun así, arguye que Lugo Bus se limitó a meras alegaciones y generalidades, y no acreditó una justa causa. Por lo que, el foro apelado carecía de discreción para extender el término para la presentación del recurso de revisión.

En cuanto a su segundo señalamiento de error, sostiene que erró el foro *a quo* al no dar por cumplida su *Resolución y Orden*, una vez entregó la documentación solicitada por la parte apelada. Señala que, entregaron toda la información dentro del plazo provisto, no obstante, que no toda información en su posesión fue divulgada, debido al privilegio abogado-cliente, y al *Reglamento de Medidas Correctivas y Acciones Disciplinarias del Departamento de Educación de Puerto Rico* (Reglamento Núm. 9416). Por ello, solicitó se diera por cumplida con la entrega de la información solicitada por la parte apelada.

Por otra parte, Lugo Bus, en su alegato en oposición, alega que la primera comunicación al Secretario del Departamento fue el 17 de febrero de 2025. Posteriormente, estuvieron en contacto con la parte apelante los días 5, 12 y 18 de marzo de 2025, donde le reclamaron al Departamento que no podía condicionar la entrega de la información solicitada. Finalmente, el 30 de marzo de 2025, solicitaron nuevamente una actualización, sobre la cual no recibieron respuesta. Así las cosas, procedieron a iniciar un *Recurso Especial* ante el foro primario. Sostiene que, actuó de buena fe, confiando en que las comunicaciones continuas con el

personal del Departamento culminarían en la entrega de la información solicitada. Por lo que, reitera que acreditó, fundamentó y así fue reconocido por el foro apelado, la justa causa para la dilación en la radicación del recurso.

En cuanto al segundo señalamiento de error, Lugo Bus sostiene que el Departamento luego de haber presentado una moción de reconsideración, la cual fue denegada por el foro primario, intentó presentar una "segunda moción de reconsideración". Arguye que, en dicha moción la parte apelante, por primera vez, expuso sus fundamentos para tratar de sostener la no divulgación de los documentos solicitados. A su vez, que en el recurso ante nos, el Departamento planteó que la información solicitada no había sido divulgada por razón de: (1) el privilegio abogado-cliente, y (2) el *Reglamento de Medidas Correctivas y Acciones Disciplinarias del Departamento de Educación de Puerto Rico*. Finalmente, manifiesta que la parte apelante intenta levantar supuestas justificaciones que nunca articuló en el foro primario, por lo que, dicha omisión constituye una renuncia procesal, que impide su consideración en esta etapa apelativa.

No obstante, enfatiza que de este Foro considerar los argumentos de la parte apelante, el *Reglamento Núm. 9416* no tiene supremacía sobre la Constitución de Puerto Rico, ni sobre la Ley Núm. 141-2019, *supra*. Resalta que, ambos cuerpos de ley reconocen de manera explícita y categórica que el acceso a la información pública es un derecho fundamental y constitucional, estrechamente ligado a la libertad de expresión, la libertad de prensa y el principio democrático de rendición de cuentas.

Asimismo, indica que la información solicitada era: copia del expediente relacionado a cualquier investigación que se haya llevado a cabo con respecto al RAE, o cualquier otra deuda con los transportistas en la Región Educativa de Mayagüez, incluyendo, pero sin limitarse a: informes, correos electrónicos, comunicaciones internas, entrevistas y declaraciones.

Así pues, insiste en que la información ordenada por el foro primario no estaba protegida por algún privilegio de confidencialidad, toda vez que la confidencialidad establecida en el Reglamento Núm. 9416 se circunscribe únicamente al curso de la investigación y no se extiende a los documentos una vez esta ha concluido. De igual manera, que la parte apelante no demostró que los documentos solicitados constituían comunicaciones protegidas por el privilegio abogado-cliente, por lo que no existe fundamento legal que justifique la negativa a divulgar la información requerida por el foro apelado.

En Puerto Rico existe un derecho fundamental de acceso a la información pública, que emerge de la necesidad de que los ciudadanos examinen e investiguen cómo se conducen sus asuntos. *Trans Ad de P.R. v. Junta de Subastas*, 174 DPR 56 (2008); *Colón Cabrera v. Caribbean Petroleum,* supra. Así lo establece el Artículo 3 de la Ley Núm. 141-2019, *supra*, el cual dispone, en lo pertinente: "[t]oda persona tiene derecho a obtener la información y documentación pública, sujeto a las normas y excepciones aplicables."

De otra parte, el Artículo 9 de la Ley Núm. 141-2019, *supra*, establece que, un recurso especial ante el foro primario deberá presentarse dentro del término de

cumplimiento estricto de treinta (30) días, contados a partir de la fecha en que la entidad gubernamental haya notificado su determinación de no entregar la información solicitada o de la fecha en que venció el término disponible para ello si no hubo contestación.

Luego de evaluar el expediente ante nos, Lugo Bus utilizó el mecanismo procesal que provee el Artículo 6 de la Ley Núm. 141-2019, *supra*, para solicitar información pública al Departamento de Educación. Entre la documentación requerida se encontraba: copia del expediente relacionado a cualquier investigación llevada a cabo con respecto al RAE, o cualquier otra deuda con los transportistas en la Región Educativa de Mayagüez, incluyendo, pero sin limitarse a: informes, correos electrónicos, comunicaciones internas, entrevistas y declaraciones.

No obstante, el Departamento en la primera comunicación, condicionó la entrega de la información solicitada, a que la parte apelada proveyera detalles de sus representantes y contratos. En desacuerdo, Lugo Bus estuvo enviando varias comunicaciones a la parte apelante para que le proveyeran lo solicitado. No obstante, el Departamento no contestó ninguna, por lo que, se entendió denegada la solicitud.

Así las cosas, Lugo Bus prosiguió a presentar el *Recurso Especial de Revisión Judicial para el Acceso a la Información Pública al Amparo de la Ley Núm. 141-2019, según enmendada*, ante el foro primario, de conformidad con lo dispuesto en el Artículo 9 de la Ley Núm. 141-2019, *supra*, cuando la entidad gubernamental no entrega la información solicitada. Atendido el recurso, el foro apelado fundamentó su decisión en que Lugo Bus

estuvo en constante comunicación con la División Legal del Departamento, por lo que, no se debía penalizar al que busca el acceso a la información pública, ante el silencio de la propia agencia. Por ello, concluyó que la parte apelada no había sido negligente y el Departamento tenía que entregar o proveer acceso a la información y/o documentación solicitada.

Según surge del expediente, Lugo Bus, a pesar de presentar el *Recurso Especial* ante el foro *a quo* fuera del término de treinta (30) días, demostró su interés en requerir la información solicitada y confió en que se la entregarían. No obstante, al no recibir respuesta de la parte apelada, prosiguió con la presentación del *Recurso Especial* ante el foro primario, quien reconoció la justa causa para la dilación en la radicación del recurso.

Nuestro Tribunal Supremo ha sido claro en que un tribunal revisor no debe sustituir el criterio del foro primario, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto. Así pues, concluimos que por la debida deferencia al foro primario, estimamos que tuvo razón suficiente para entender que Lugo Bus demostró justa causa.

A la luz de lo anterior, descartamos que el foro primario haya cometido el primer error señalado por el Departamento.

En cuanto al segundo señalamiento de error, la parte apelante sostiene que erró el foro primario al no dar por cumplida su *Resolución y Orden*, en la cual ordenó a entregar la información pública solicitada por Lugo Bus, la cual sí realizaron.

No obstante, una vez el Departamento presentó su moción de reconsideración, la cual se enfocó en la falta de jurisdicción, el foro *a quo* notificó una *Resolución Interlocutoria* en la cual expresó: "*No Ha Lugar. Este Tribunal Mantiene su Determinación.*" En dicha, determinación el foro primario no realizó expresiones sobre si la parte apelante cumplió o no con entregar la información pública ordenada. No fue hasta después de dicha determinación del foro de instancia, que el Departamento presentó una *Moción Informativa y en Cumplimiento de Orden*, en la cual sostuvo que había entregado toda la información pública identificada, al tiempo que había ejercido de forma legítima la prerrogativa de reservar aquellos documentos protegidos por privilegios evidenciarios y por normas reglamentarias. Sin embargo, sobre dicha moción, el foro *a quo* no se expresó.

Por lo tanto, en esta etapa del proceso, no podemos atender la controversia sobre si el Departamento cumplió o no con la *Resolución y Orden*, debido a que no tenemos una determinación judicial que revisar.

**IV.**

Por los fundamentos antes expuestos, **CONFIRMAMOS** la determinación apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones